```
          IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF OHIO
                     EASTERN DIVISION
```

**JENNIFER D. BROWN,**

       **Plaintiff,**

  vs.                                       **Civil Action 2:12-cv-511**
                                                  **Judge Marbley**
                                                  **Magistrate Judge King**

**COMMISSIONER OF SOCIAL SECURITY,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**I.   Background**

This is an action instituted under the provisions of 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security denying plaintiff's application for disability insurance benefits and supplemental security income.  This matter is now before the Court on *Plaintiff's Statement of Errors*, Doc. No. 12, and defendant's *Memorandum in Opposition*, Doc. No. 13.

Plaintiff Jennifer D. Brown filed her application for benefits on June 18, 2008, alleging that she has been disabled since January 16, 2008.  The application was denied initially and upon reconsideration, and plaintiff requested a *de novo* hearing before an administrative law judge.

An administrative hearing was held on September 1, 2010, at which plaintiff, represented by counsel, appeared and testified, as did Carl Hartung, who testified as a vocational expert.  *PAGEID* 80.  In a decision dated October 20, 2010, the administrative law judge

concluded that plaintiff was not disabled from January 16, 2008, her alleged onset date, through the date of the administrative decision. *PAGEID* 57.  That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on February 8, 2012.  *PAGEID* 43.

Plaintiff was 30 years of age on the date of the administrative law judge's decision.  *PAGEID* 56, 80.  Plaintiff has a high school education, is able to communicate in English, and has prior relevant work as, *inter alia*, a general clerk and a cafeteria cook.  *PAGEID* 56, 85, 111-12.  Plaintiff was last insured for disability insurance purposes on September 30, 2009.  *PAGEID* 52.  She has not engaged in substantial gainful activity since January 16, 2008, her alleged date of onset of disability.  *Id*.

## II. Medical Evidence and Plaintiff's Testimony[1]

Plaintiff suffers from post-traumatic headaches resulting from a car accident in 2001. Plaintiff began treating with Steven Simensky, M.D., Ph.D., a Board-certified neurologist, on March 5, 2008, for traumatic brain injury.  *PAGEID* 508.  At that time, plaintiff reported daily headaches rated at 7-8 on a 10-point scale in intensity, which were associated with nausea, vomiting, and photophobia, and which required her to lie down in a dark room.  *Id*.  Dr. Simensky noted that an August 2007 EEG and a July 2007 MRI of the brain were normal.  *Id*. Dr. Simensky increased plaintiff's medication and directed a follow-up

---

[1] Plaintiff's *Statement of Errors* challenges only the administrative law judge's alleged failure to follow the treating physician rule and to impose work-related limitations caused by plaintiff's severe post-traumatic headaches.  *Statement of Errors*, p. 1.  The Court will therefore limit its discussion to those issues.

2

appointment.  *PAGEID* 509.  On June 23, 2008, plaintiff reported daily headaches of two to three hours' duration.  *PAGEID* 506 (Dr. Simensky's June 23, 2008 treatment notes).  On June 9, 2009, Dr. Simensky characterized plaintiff's headaches as "occasional" and again changed her medication.  *PAGEID* 632.  Dr. Simensky subsequently discontinued or reduced most of plaintiff's medications secondary to her pregnancy.  *PAGEID* 631 (Dr. Simensky's October 30, 2009 treatment notes).  Plaintiff thereafter complained of  "a low grade headache with occasional exacerbation that [wa]s mainly occipital in nature" and which occasionally became "very significant."  *Id*.  In December 2009, plaintiff reported daily headaches that were "rather mild."  *PAGEID* 630 (Dr. Simensky's December 29, 2009 treatment notes).  In April 2010, Dr. Simensky prescribed Topiramate 25 mg for plaintiff's "posttraumatic headaches."  *PAGEID* 629.  Dr. Simensky noted that plaintiff had "low grade headaches" since her 2001 car accident and that her "baseline headaches" were "somewhat relieved" with aspirin.  *Id*.

On September 3, 2010, and in response to inquiry by plaintiff's counsel, Dr. Simensky opined that, based on plaintiff's history of traumatic brain injury and despite treatment, plaintiff's headaches could be expected to continue and that plaintiff would need to lie down 2 to 3 times per week during the day in order to accommodate her severe headache pain.  *PAGEID* 808.  Dr. Simensky continued:

> Post-traumatic headaches are unpredictable and response to typical migraine medications is variable.  I am hopeful her newer migraine medication Topomax will mitigate her headaches significantly.

*Id*.

3

Plaintiff testified at the administrative hearing that she continues to experience "real bad headaches" which occur at unpredictable intervals and which last at least one hour at least six times per week. *PAGEID* 90-91, 103. She takes aspirin and lies down for approximately one hour. *PAGEID* 101. Her prescription medication has reduced the frequency and severity of her headaches. *PAGEID* 102. She cares for her two children and does little housework. *PAGEID* 98-99.

### III. Administrative Decision

The administrative law judge found that plaintiff's severe impairments consist of left shoulder rotator cuff tear, depression, memory loss, bronchitis, and post-traumatic headaches. *PAGEID* 52. The administrative law judge also found that plaintiff's impairments neither meet nor equal a listed impairment and leave plaintiff with the residual functional capacity ("RFC") to perform a full range of light work, as defined in 20 C.F.R. §§ 404.1567(b), 416.967(b). *PAGEID* 53-54. Plaintiff's RFC would also limit her to jobs involving only simple, repetitive tasks where strict time and production pressures are not imposed and which require only superficial contact with others. *PAGEID* 54. Relying on the testimony of the vocational expert, the administrative law judge found that this RFC would permit the performance of plaintiff's past relevant work as a general clerk and a cafeteria cook, as actually performed, as well as a significant number of jobs in the national economy. *PAGEID* 56-57. Accordingly, the administrative law judge concluded that plaintiff was not disabled

within the meaning of the Social Security Act from January 16, 2008, through the date of the administrative law judge's decision. *PAGEID* 57.

## IV. Discussion

Pursuant to 42 U.S.C. § 405(g), judicial review of the Commissioner's decision is limited to determining whether the findings of the administrative law judge are supported by substantial evidence and employed the proper legal standards. *Richardson v. Perales*, 402 U.S. 389 (1971); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Buxton v. Haler*, 246 F.3d 762, 772 (6th Cir. 2001); *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981). This Court does not try the case *de novo*, nor does it resolve conflicts in the evidence or questions of credibility. *See Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).

In determining the existence of substantial evidence, this Court must examine the administrative record as a whole. *Kirk*, 667 F.2d at 536. If the Commissioner's decision is supported by substantial evidence, it must be affirmed even if this Court would decide the matter differently, *see Kinsella v. Schweiker*, 708 F.2d 1058, 1059 (6th Cir. 1983), and even if substantial evidence also supports the opposite conclusion. *Longworth,* 402 F.3d at 595.

In his decision, the administrative law judge found that plaintiff had the RFC to perform a full range of light work, except that she would be limited to performing jobs involving only simple, repetitive tasks where strict time and production pressures are not imposed, and which requires only superficial contact with others. *PAGEID* 54. In making this RFC assessment, the administrative law judge gave "little weight" to the opinion of plaintiff's treating neurologist, Dr. Simensky:[2]

> The claimant has also been assessed with a depressive disorder, chronic post-traumatic stress disorder and migraines, and possibly cognitive disorder due to an accident the claimant suffered in 2001. Dr. Kathy Shy noted that the claimant has few depressive symptoms that would be targets for antidepressant medication. The record indicates that the claimant's MRI and EEG studies were determined to be normal. In addition, recent reports from the Scioto Paint Valley Mental Health Center establish that the claimant is much improved and presently stable. Dr. Steven Simensky indicated that it would be reasonable for the claimant to lie down during the day to accommodate her severe headache pain two to three times per week. However, Dr. Simensky indicated that he was hopeful that the medication Topomax would significantly mitigate her headaches. The record reflects that the claimant continued to work for several years after the post-traumatic headaches allegedly began. This fact is inconsistent with the claimant's allegations of disabling headaches, as she was able to continue working. Dr. Jackie Rose opined that the claimant had poor concentration, distractibility and poor stress tolerance. She opined that the claimant's ability to remember, understand and follow directions was poor, and her ability to maintain attention was very poor. Further, Dr. Rose opined that the claimant's ability to sustain concentration, persist at tasks, and complete them in a timely fashion was poor. The undersigned accords little weight to these opinions as they are inconsistent with the claimant's description of her daily activities, and are inconsistent with the objective record as a whole. . . .

---

[2] The Court quotes most of the paragraph containing the administrative law judge's evaluation of the opinions of treating providers because it is unclear exactly what portions relate exclusively to Dr. Simensky's opinion.

*PAGEID* 55.  Plaintiff contends that the administrative law judge failed to properly evaluate Dr. Simensky's September 2010 opinion.  *Statement of Errors*, pp. 4-8.  This Court agrees.

The opinion of a treating provider must be given controlling weight if that opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and is "not inconsistent with the other substantial evidence in [the] case record."  20 C.F.R. §§ 404.1527(c)(2); 416.927(c)(2).  Even if the opinion of a treating provider is not entitled to controlling weight, an administrative law judge is nevertheless required to determine how much weight the opinion is entitled to by considering such factors as the length, nature and extent of the treatment relationship, the frequency of examination, the medical specialty of the treating physician, the extent to which the opinion is supported by the evidence, and the consistency of the opinion with the record as a whole.  20 C.F.R. §§ 404.1527(c)(2)-(6); 416.927(c)(2)-(6)(; *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).  Moreover, an administrative law judge must provide "good reasons" for discounting the opinion of a treating provider, *i.e.*, reasons that are "'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.'"  *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007) (quoting Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5).

In the case presently before the Court, the administrative law judge failed to expressly characterize Dr. Simensky as a treating physician, and did not expressly consider the factors required by *Wilson*. The administrative law judge made no mention of Dr. Simensky's treatment notes, nor did the administrative law judge explain how Dr. Simensky's September 2010 opinion is "inconsistent with the objective record as a whole." Although the administrative law judge based his rejection of Dr. Simensky's opinion, at least in part, on the fact that "the claimant continued to work for several years after the post-traumatic headaches allegedly began," *PAGEID* 55, there is evidence in the record, not discussed by the administrative law judge, that plaintiff's headaches prevented the successful performance of her jobs. *See, e.g., PAGEID* 258, 547. The administrative law judge simply has not provided reasons "sufficiently specific to make clear to any subsequent reviewers" the reasons for discrediting Dr. Simensky's opinion. *See Rogers*, 486 F.3d at 242. The Court therefore concludes that the matter must be remanded for further consideration of Dr. Simensky's opinion.

Having concluded that the action must be remanded, the Court need not and does not address plaintiff's remaining argument.

It is therefore **RECOMMENDED** that the decision of the Commissioner be reversed and that this action be remanded pursuant to Sentence 4 of 42 U.S.C. § 405(g) for further consideration of the opinions of plaintiff's treating neurologist.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within fourteen (14) days, file

and serve on all parties objections to the *Report and Recommendation*, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Smith v. Detroit Fed'n of Teachers, Local 231 etc.*, 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

June 7, 2013                                     *s/Norah McCann King*
                                                 Norah M$^c$Cann King
                                                 United States Magistrate Judge